# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID FROHWERK, ) | |
| ) | |
| Petitioner, ) | |
| ) | CAUSE NO.: 2:12-CV-51-TLS |
| v. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

David Frohwerk, a prisoner proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2254. [ECF No. 4]. The Court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases.

Here, Frohwerk seeks to be awarded credits for time served on probation for two different offenses. (Petition, ECF No. 4 at 1–2.) By Frohwerk's calculation, his entitlement to these credits means that he is being held past his out date and is entitled to immediate release. (*See* Constructive Legal Notice to Court, ECF No. 5 at 1–2.) Although Frohwerk asserts that he has sought administrative relief within the facility and the Indiana Department of Correction (IDOC), he can also pursue his claim in a state habeas petition filed in state court. *See* Ind. Code § 34-25.5-1-1 ("Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal."); *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. App. Ct. 2008) ("A defendant is entitled to a writ of habeas corpus if he or she is unlawfully incarcerated and is entitled to immediate release."); *see also Partlow v. Superintendent*, 756 N.E.2d 978 (Ind. Ct. App. 2001) (petitioner properly sought state habeas relief where he argued

that he was entitled to additional credits that would reduce his sentence and require his immediate release).

In his Petition, Frohwerk acknowledges that he has not yet sought any form of relief in the Indiana courts. (*See* Petition, ECF No. 4 at 1–3.) Accordingly, his Petition must be dismissed. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The dismissal will be without prejudice to Frohwerk's right to refile the petition after he pursues state habeas relief, appeals any adverse rulings to the Court of Appeals of Indiana, and seeks transfer to the Indiana Supreme Court. *See Lewis*, 390 F.3d at 1025–26.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). When the Court has dismissed the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, the Court need only address one component if it will resolve the issue. *Id.* at 485.

As explained above, Frohwerk has not yet exhausted his state court remedies, and so his petition must be dismissed without prejudice. A dismissal without prejudice for failure to exhaust state court remedies is not an appealable order, unless the petitioner would be time-barred or otherwise unable to return to federal court after exhausting his state court remedies. *Dolis v. Chambers*, 454 F.3d 721 (7th Cir. 2006); *Moore v. Mote*, 368 F.3d 754 (7th Cir. 2004). That issue is not present here.[1] Accordingly, there is no basis for an appeal. Aside from this procedural barrier, nothing before the Court suggests that jurists of reason could debate the correctness of the Court's procedural ruling or find a reason to encourage Frohwerk to proceed further without first exhausting his state court remedies.

For the reasons set forth above, the Petition [ECF No. 4] is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and the Court **DENIES** the Petitioner a certificate of appealability.

SO ORDERED on February 28, 2012.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[1] The one-year deadline for seeking federal habeas relief would not have begun to run until Frohwerk discovered the factual basis for his claim. 28 U.S.C. § 2244(d)(1)(D). Frohwerk asserts that the IDOC issued the executive directive entitling him to additional credits on June 27, 2011. (Petition, ECF No. 4 at 1.) Accepting Frohwerk's assertion about when he discovered this claim, he would have several months remaining on the one-year deadline, and the deadline will be tolled during the time he has a properly filed state petition pending. 28 U.S.C. § 2244(d)(2). If Frohwerk acts diligently, he should have adequate time to exhaust his state court remedies and then return to federal court, if necessary.